IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-065-DRH** |
| ) | |
| **GIAVANNIE MORRIS, EAST ST. LOUIS** ) | |
| **POLICE DEPT., CITY of EAST ST.** ) | |
| **LOUIS, and UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is, in fact, indigent. *See* 28 U.S.C. § 1915. Therefore, this motion is **GRANTED**.

Plaintiff has also filed a motion to amend his complaint (Doc. 4); he wishes to include Danielle Moore as a defendant. Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires." However,

> [a]mended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15. The instant motion is not accompanied by a proposed amended complaint detailing all of Plaintiff's claims against each defendant. Therefore, this motion is **DENIED** without prejudice. If Plaintiff wishes to file an amended complaint to include Moore, he may file another such motion, along with his proposed amended complaint.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal –
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2); portions of this action are frivolous and thus subject to summary dismissal.

## FACTS ALLEGED

Plaintiff states that on June 11, 2003, he was arrested in East St. Louis. He alleges that during his arrest, he was struck by an automobile, but police officers would not take him to the hospital. He further alleges that after his arrest, he was not allowed to call his attorney, and he was held for over 72 hours without a probable cause hearing. He also claims that he was held in a cold air-conditioned cell without a blanket; his cell had no running water, the toilet did not function properly, and there were rats and bugs in the jail. He claims that all of these actions or inactions were in retaliation for a prior lawsuit he had filed against the City of East St. Louis, which was settled in his favor for $2,500. *See Harris v. East St. Louis Police Dept.*, Case No. 01-cv-747-MJR (S.D. Ill., filed Nov. 9, 2001).

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Although the conditions at the jail described by Plaintiff were unpleasant, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). Lapses from minimum standards of sanitation may be excusable where such conditions are temporary and affect only a few individuals. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988). Further, Plaintiff does not allege any harm to his health as a result of these conditions. *See* 42 U.S.C. §1997e(7)(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Finally, the complaint is

devoid of any allegations that any Defendant acted with the requisite mental intent of deliberate indifference to Plaintiff's health in creating or maintaining these conditions.

Therefore, regarding the conditions of confinement in the jail, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, these claims are dismissed from this action with prejudice.

Plaintiff's other claims – failure to provide medical treatment following the car accident and deprivations of his constitutional rights following his arrest – are more troubling, particularly in light of his prior dealings with the East St. Louis police department. The Seventh Circuit has made it clear that prison officials or, in this case, city jail officials, may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (same). Therefore, the Court is unable to dismiss these claims at this point in the litigation. *See* 28 U.S.C. § 1915(e)(2).

## OTHER MATTERS

Plaintiff names the East St. Louis Police Department as a defendant in this action, yet the Eleventh Amendment to the Constitution bars individuals from bringing suit in federal court against a state or its agencies in their own names. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). Further, states and their agencies are not "persons" susceptible to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). This includes city police departments.

*U.S. ex rel Lee v. People of State of Ill.*, 343 F.2d 120, 120 (7th Cir. 1965). *See also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Henschel v. Worcester Police Dept., Worcester, Mass.*, 445 F.2d 624 (1st Cir. 1971); *Reese v. Chicago Police Dept.*, 602 F.Supp. 441 (N.D. Ill. 1984).  Therefore, the East St. Louis Police Department is dismissed from this action with prejudice.

Finally, Plaintiff has filed two purported supplements to the complaint.  In the first (Doc. 5), he states that, as of February 2005, he had yet to be convicted of the charges for which he was arrested.  This information has no bearing on Plaintiff's claims regarding his treatment while in custody and, therefore, this supplement is **STRICKEN** from the record.

Plaintiff's second supplement (Doc. 6) seems to be an attempt to add a claim of excessive force against Officer Fennoy regarding an incident that occurred on February 15, 2005.  However, Fennoy is not named as a defendant in this action, and Plaintiff has not submitted an amended complaint which includes Fennoy and contains all of his allegations against all defendants.  Therefore, this supplement is also **STRICKEN** from the record.[1]

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding the general conditions at the jail are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the **EAST ST. LOUIS POLICE DEPARTMENT** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

---

[1] Plaintiff states that Fennoy grabbed him and threatened him with bodily harm, apparently in retaliation for Plaintiff's prior lawsuit against Fennoy that resulted in a $2,500 settlement in Plaintiff's favor.  Although the Court does not condone this behavior, such an allegation does not present a viable Eighth Amendment claim of excessive force.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GIAVANNIE MORRIS** and **the CITY of EAST ST. LOUIS**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GIAVANNIE MORRIS** and **the CITY of EAST ST. LOUIS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of East St. Louis who no longer can be found at the work address provided by Plaintiff, the City shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the City pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   August 11, 2005**

        /s/   David RHerndon
        **DISTRICT JUDGE**